**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-10517**
**Summary Calendar**
_____

**LAWRENCE E. STEINBERG**

**Plaintiff-Counter Defendant-Appellee,**

**versus**

**CINEMA N' DRAFTHOUSE SYSTEMS, INCORPORATED; JOHN J. DUFFY; JAMES
T. DUFFY; NORMA S. DUFFY**

**Defendants,**

**CINEMA N' DRAFTHOUSE SYSTEMS, INCORPORATED**

**Defendant-Counter Claimant-Appellant.**

**Appeal from the United States District Court**
**for Northern District of Texas**
**(3:91-CV-1044-R)**

December 23, 1997
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Our court has already twice visited the dispute between these

parties. *See* ***Steinberg v. Cinema N' Drafthouse Systems, Inc.,*** 28

F.3d 23 (5th Cir. 1994)(***Steinberg I***); ***Steinberg v. Cinema N'***

---

[*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

***Drafthouse Systems, Inc.***, No. 95-11222 (5th Cir. July 12, 1996)
(***Steinberg II***).

Steinberg is owner and holder of a note given by Cinema and guaranteed by the Duffys (the latter are not parties to this appeal). Cinema contends that the district court erred by dismissing on the merits its counterclaim against Steinberg, by which Cinema sought to recover any losses incurred by it as a result of indemnifying the Duffys. Needless to say, we review findings of fact for clear error; legal conclusions, *de novo*. *E.g.,* ***Phillips Petroleum Co. v. Best Oilfield Servs., Inc.***, 48 F.3d 913, 915 (5th Cir. 1995).

Cinema contends initially that the district court erred because, according to Cinema, the primary basis for dismissal was that it was required by ***Steinberg I***, discussed below. The district court did note that a successful counterclaim against Steinberg would conflict with this court's mandate in ***Steinberg I.*** However, the court did not dismiss the counterclaim on that basis.

Cinema, as maker, executed a note evidencing a $100,000 loan from a bank. The Duffys each guaranteed payment of the entire loan. Security for the loan was given by way of a collateral pledge of Cinema's stock in its wholly owned subsidiaries. Steinberg, having executed a take out commitment, became the owner and holder of the note, guaranties and collateral pledge when the loan was not paid at maturity. Steinberg foreclosed on the

- 2 -

collateral by public sale and became the purchaser for $5,000. Steinberg then sued Cinema and the Duffys for the deficiency.

Both Cinema and the Duffys defended the action on the basis that the sale was not conducted in a commercially reasonable manner, and that under Texas law, Cinema, as the primary obligor, and the Duffys, as guarantors, were discharged from liability for the deficiency. The district court rendered a take nothing judgment against Steinberg, finding that the sale had been commercially unreasonable and that neither Cinema nor the Duffys could waive the right to a commercially reasonable sale.

On appeal, our court reversed in part, holding that the Duffys, as guarantors, could and had waived their right to a commercially reasonable sale. *Steinberg v. Cinema 'n' Drafthouse Systems, Inc.*, 28 F.3d 23 (5th Cir. 1994) (*Steinberg I).*

On remand to the district court, Cinema and the Duffys moved to amend their answers to assert counterclaims. Cinema sought to assert a counterclaim against Steinberg to recover as damages under TEX. BUS. & COMM. CODE § 9.507 all amounts which it is obligated to pay to the Duffys by way of reimbursement for the amounts paid by them in satisfaction of Steinberg's judgment. The Duffys also sought leave to assert a counterclaim against Steinberg for the amounts which they were obligated to pay Steinberg on his judgment and were unable to recover from Cinema because Cinema was discharged due to the sale being commercially unreasonable. The

- 3 -

district court denied leave to amend finding that the counterclaims were untimely.

In an unpublished opinion, our court affirmed the denial of leave to amend as to the Duffys, but reversed as to Cinema. *Steinberg v. Cinema N' Drafthouse Systems, Inc.,* No. 95-11222 (5th Cir. July 12, 1996) (*Steinberg II*).  The panel allowed Cinema to assert their counterclaim because Cinema's cause of action did not accrue until the Duffys demanded indemnification, which occurred after the decision in *Cinema I.*

On remand, leave to amend was granted; and the district court considered Cinema's counterclaim on the merits.  The dismissal of that counterclaim by the district court is now before us in this third appeal.

Cinema's counterclaim was premised on the fact that it would have a legal obligation to reimburse the Duffys.  As discussed in the district court's comprehensive opinion, that court determined correctly that the only possible claim the Duffys would have against Cinema is one for equitable subrogation. *M.D. Fleetwood v. Med Center Bank*, 786 S.W.2d 550, 553-54 (Tex.Ct.App. 1990).  The court also determined correctly that this claim would fail. *Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex. 1992).  Consequently, Cinema's counterclaim against Steinberg would necessarily fail. *St. Paul Mercury Ins. Co. v. Lexington Ins. Co.*, 78 F.3d 202, 208-09 (5th Cir. 1996).  In sum, the court determined that Cinema would

- 4 -

not be obligated to reimburse the Duffys, and consequently, any counterclaim for reimbursement against Steinberg was without merit.

The district court also dismissed the counterclaim on a second basis, that Cinema's damages on its counterclaim would not be recoverable because they are consequential and precluded by Tex. Bus. & Comm. Code § 1.106(a). We need not address this issue.

*AFFIRMED*